WOLF, J.,
concurring.
I concur in the majority’s decision to remand for resentencing pursuant to the dictates of Miller v. Alabama, — U.S. -, -, 132 S.Ct. 2455, 2468, 183 L.Ed.2d 407 (2012). I disagree, however, with the majority’s decision not to determine which are the appropriate sentencing alternatives available to this trial judge. The failure to reach this difficult issue gives no guidance to this trial judge or the numerous other judges facing sentencing or resentencing decisions in similar circumstances, and it deprives the supreme court of the benefit of our thoughts on an issue which will ultimately reach that court.
One might argue that because pursuant to Miller, the trial judge on remand may impose a life sentence without possibility of parole, it is unnecessary to address alternatives in this case. I cannot agree. In order for the trial judge to exercise the discretionary sentencing power mandated by Miller, the trial court must be aware of the legitimate alternatives available to the court.
In accordance with Miller, the only sentencing alternative specifically authorized by the Legislature, a mandatory life sentence without possibility of parole, is unconstitutional. The trial court must have the discretion to impose an alternate sentence based on the facts of an individual case.
Both sides have addressed what sentences may be imposed on remand. The State urges us to return to a previous statutory sentencing scheme of life without the possibility of parole until after 25 years.
The defense urges us to allow the trial court to sentence the defendant to a term *921 of years with parole immediately available. I cannot find that either of these alternatives is legally correct.
Both of the alternatives set forth by the parties provide for parole. Our Legislature has repeatedly, arguably unwisely, eschewed the alternative of parole. See § 921.001(4), (8) Fla. Stat. (1985) (abolishing parole for noncapital felonies); § 775.082, Fla. Stat. (1997) (abolishing parole for capital felonies); § 921.002(l)(a)(5), Fla. Stat. (1997) (stating chapter 947, which relates to parole, shall not apply to those sentenced under the Criminal Punishment Code).
Thus, I cannot glean or discern a legislative intent that one of these replacements should be adopted if the present statutory scheme were struck down. While the parole commission still exists specifically for people sentenced when parole was still available, I believe a court mandating that a whole new class of people be eligible for parole would violate the separation of powers provisions of the Florida Constitution. See art. II, sec. 3, Fla. Const.
The State relies on B.H. v. State, 645 So.2d 987, 995 (Fla.1994), in which the supreme court explained the principle of statutory revival, which applies “where the loss of the invalid statutory language will result in a ‘hiatus’ in the law that would be intolerable to society.” Id. (citing State in re Hunter, 387 So.2d 1086, 1090 (La.1980)). Under this principle, “when the legislature approves unconstitutional statutory language and simultaneously repeals its predecessor, then the judicial act of striking the new statutory language automatically revives the predecessor unless it, too, would be unconstitutional.” Id.
However, the State ignores footnote 5 of B.H., in which the court clarified there is no authority to revive any statute other than the immediate predecessor:
This necessarily means that there cannot be a revival of any statute other than the immediate predecessor. If the immediate predecessor statute is defective, then no further revival is possible under any circumstances. There also may be cases in which the immediate predecessor statute was enacted so long ago in the past that it no longer reflects the consensus of society and therefore should not be revived.
B.H., 645 So.2d at 995, n. 5.
Here, the statute that the State seeks to revive, which provided for life without the possibility of parole until after 25 years, is not the immediate predecessor statute. Therefore, this court has no authority to revive it. Further, even if it were the immediate predecessor, parole was permitted “so long ago in the past that it no longer reflects the consensus of society.” Id. The Legislature abolished parole long ago. Thus, parole is no longer the consensus of society, as expressed by its legislative representatives. Finally, in light of my view that a sentence of life is inclusive of a term of years, discussed below, no hiatus is created which would necessitate invoking the rule of statutory revival.
The defense’s argument for immediate eligibility for parole is equally unconvincing. The Legislature previously said that the only sentencing scheme available for capital offenses was life without possibility of parole. It would be unfathomable to me that the Legislature would intend that these offenders would immediately be eligible for parole.
Moreover, if we were to reinstate parole, we would also have to strike as unconstitutional section 921.002(l)(e), Florida Statutes, which states, “[t]he provisions of chapter 947, relating to parole, shall not apply to persons sentenced under the Criminal Punishment Code.” However, section 921.002 is not unconstitutional un *922 der Miller. Miller did not mandate parole, but instead found a juvenile could not be sentenced to life without the possibility of parole without first considering certain factors.
The sentencing option which is the closest to the legislative expression of intent and involves the least rewriting of the statute is a sentence of a term of years without possibility of parole. This option also gives the trial court the discretion mandated by Miller.
A life sentence is merely a term of years equaling the lifespan of a person. Any term of years is necessarily included within the purview of life. Thus, this alternative does not constitute a rewrite of the statute. For the foregoing reasons, I urge the trial court to impose a sentence of a term of years up to life without possibility of parole.